# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Joyce M. Beasley | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 04 c 7986 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| AT & T Corp., a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Joyce Beasley ("Beasley" or "Plaintiff") has filed a complaint in this Court, alleging that she was discharged from employment in violation of 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000 *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621 *et seq.*

Before this Court are two motions. The first is Beasley's motion asking this Court to reconsider the magistrate's ruling admitting matters found in the requests to admit filed by her former employer, Defendant AT & T Corporation ("AT &T" or "Defendant"). In the alternative, Plaintiff requests that she be permitted to withdraw her admissions. The second, filed by Defendant, is a motion for summary judgment.

For the foregoing reasons, Plaintiff's request for reconsideration of the magistrate's ruling on the requests to admit is DENIED, as is Plaintiff's request to withdraw the admissions. Defendant's motion for summary judgment is GRANTED. All other motions are MOOT and TERMINATED. This case is CLOSED.

*Background*

Plaintiff, a long-time AT&T employee, was laid off as a result of the company's 2004 reduction in force. She was let go because she received the second lowest skills assessment score of the thirteen process engineers who reported to Sherry Cooper, the supervisor of Plaintiff's direct boss. The assessment, which was carried out by Cooper, was based on Cooper's experience working with Plaintiff on the "Ohio Project." Cooper's assessment of other employees was based on her experiences working with them on other projects.

Cooper's assessment of Plaintiff was also more negative than her assessment of Plaintiff's co-workers Phil Feinstein and Barbara Rosa. Feinstein and Rosa both had different skills and backgrounds than Plaintiff. Feinstein had not been at the company as long as Plaintiff: he was a former auto mechanic who then worked as a computer educator for a year. Rosa did not have the same technical background as Plaintiff. Differences notwithstanding, Cooper gave them more favorable assessments than she gave Plaintiff.

Cooper's assessment of Plaintiff was fairly critical: she failed to give Plantiff a score of higher than five out of ten for any particular assessment category. Cooper claims she gave Beasley a poor assessment because Plaintiff was a mediocre employee. She claims that Plaintiff did not understand what needed to be done on the Ohio Project and did not communicate well on that project. Cooper also noted in the assessment that she felt that Beasley's expertise was limited to one particular AT&T service offering, and that even that expertise was limited.

Plaintiff contends that Cooper's assessment "failed to reflect Plaintiff's actual skills and abilities." She claims that she performed to Defendant's expectations on the project on which she was assessed. Both parties agree that Plaintiff was never advised of any problems with her

performance and that Plaintiff had received more positive reviews from other supervisors before receiving Cooper's negative assessment.

Both parties also agree that at the time of the assessment, Cooper did not know if any of the process engineers would be fired as part of the reduction in force. After the assessment was completed, Cooper's supervisor Mary Kay Goggins determined that three "A-Band Process Engineers" from Cooper's group would be fired. Goggins fired Beasley because of her low skills assessment score. Two others "A-Band Process Engineers" were also fired. In total, two of the three fired engineers were African-American. Two of the three were fifty-four years of age while one was fifty-three.

After she was fired, Plaintiff filed suit in this Court. On June 11th 2005, a month before discovery closed, Defendant served her with several requests to admit. On July 21, 2005, after agreed-upon extensions, Plaintiff filed her responses to the request to admit. In those responses, Plaintiff neither admitted nor denied certain matters. She also did not explain how she had carried out reasonable inquiry with respect to matters that she neither admitted nor denied. On July 25, 2005, Defendant filed a motion to determine the sufficiency of Plaintiff's responses. This Court referred that motion to a magistrate. The parties appeared before the magistrate on August 11, 2005  At that hearing, the Defendant asked the magistrate to deem Plaintiff's answers were insufficient or, in the alternative, to allow Plaintiff to amend her answers. Defendant argued, *inter alia*, that Plaintiff's refusals to answer the requests to admit because she did not have "personal knowledge" of facts established in deposition testimony such as certain birthdates and because any response would be "tantamount" to a summary judgment response violated Rule 36. The magistrate agreed with Defendant that such answers were insufficient,

outlined the shortcomings of Plaintiff's answers and how those shortcomings could be addressed, and permitted Plaintiff to revise her answers. At the time, the magistrate acknowledged that granting leave to amend would affect the briefing schedule of this case, but stated that she did not want to deprive Plaintiff of the opportunity to file amended responses. As a result of her decision, this Court extended the deadline for filing summary judgment motions.

After receiving an extension from the magistrate, Plaintiff filed her amended responses. On September 1, 2005, the parties appeared before the magistrate. The magistrate reviewed Plaintiff's submissions and concluded that the second set of answers was "actually less complete than the first time." The magistrate took issue with the fact that Plaintiff denied the truth of the requests but did not answer any accompanying interrogatories. She also found Plaintiff's arguments–or lack thereof–troubling. She concluded that Plaintiff had failed to show how she carried out a reasonable inquiry into the truth of Defendant's requests and found those objections to be insufficient. She also found insufficient Plaintiff's argument that answering would require a response tantamount to a summary judgment motion response. In addition, she was unimpressed with Plaintiff's new argument that answering the requests required "the impossible task of reading the minds of Defendant's witnesses" and that they amounted to an "attempt to have Plaintiff concede to the entire defense of this case." She was no more impressed with Plaintiff's argument that asking her to admit to possessing no evidence of claims of race and age discrimination was improper because it required Plaintiff to admit legal conclusions and that portions of the request would require "denials with a lengthy citation and explanation of the evidence" by means of interrogatories. In the amended responses, Plaintiff also argued that if her amended responses were insufficient, she should be granted leave to file "complete responses" at

-4-

the same time as her response to Defendant's summary judgment motion "as a means of avoiding over-duplication of resources in this matter." The magistrate did not agree to the proposition that granting a second leave to amend was appropriate, and concluded that all the matters in the requests to admit were deemed admitted.

On September 13, 2005, Plaintiff filed the motion for reconsideration of the magistrate's order or, in the alternative, withdrawal of admissions in this Court. Three days later, on the last day for filing dispositive motions, Defendant filed its motion for summary judgment. Briefing has been completed on both motions.

### Standard of Review

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits, show there is no genuine issue of fact. Such a showing entitles the moving party to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*. 477 U.S. 242 (1986); *Lucas v. Chicago Transit Authority*. 367 F.3d 714, 720 (7th Cir.2004). A genuine issue of material fact exists only when a reasonable factfinder could find for the nonmoving party, based on the record as a whole. The court does not weigh the evidence and it does not make credibility determinations. Instead, the court makes all reasonable inferences in favor of the nonmoving party. *Reeves v. Sanderson Plumbing Prod.*, *Inc.*, 530 U.S. 133 (2000); *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 436 (7th Cir.2000). The Court accepts the nonmoving party's version of any disputed facts; however, those facts must be supported by relevant, admissible evide nce. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir.1996).

It is the burden of the party moving for summary judgment to demonstrate the absence of genuine issues of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986); *Hedberg v. Indiana Bell Tel. Co., Inc.,* 47 F.3d 928, 931 (7th Cir.1995). If the moving party meets this burden, the non-moving party must set forth specific facts that demonstrate the existence of a genuine triable issue. Rule 56(e); *Celotex,* 477 U.S. at 324. To successfully oppose the motion for summary judgment, the non-moving party cannot rest on the pleadings alone, but instead must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that a genuine triable issue exists. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir.1992). A mere scintilla of evidence in opposition to a motion for summary judgment is insufficient. *Anderson,* 477 U.S. at 252.

## Analysis

Before deciding Defendant's motion for summary judgment, this Court must consider whether it will grant Plaintiff's motion to reconsider the magistrate's ruling or, in the alternative, to withdraw her admissions. With respect to the motion for reconsideration, the Federal Rules of Civil Procedure explain that a district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); see also 28 U.S.C. §636(b)(1). Under this standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.* 126 F.3d 926, 943 (7th Cir. 1997). As for the motion to withdraw admissions, a court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the

party who obtained the admission fails to satisfy the court that withdrawal or amended will prejudice that party in maintaining the action or defense on the merits." Fed.R.Civ.P. 36(b).

The text of Rule 36 states that a party may serve upon any other party a written request for admission of any matters that "relate to statements or opinions of fact or of the application of law to fact..." Fed.R.Civ.P.36(a). The rule goes on to state: "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 20, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter..." *Id.* The written answer must specifically admit or deny the matter or set forth in detail the reasons why the answer cannot be truthfully admitted or denied. *Id.* Moreover, "[a]n answering party may not give a lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Id.*

At the August 11, 2005 hearing, the magistrate went into great detail explaining the problems she saw with Plaintiff's responses and how Plaintiff could solve those problems. The magistrate explained that under Rule 36, Plaintiff could not deny facts established in deposition testimony on the basis of a lack of "personal knowledge" without explaining how she had carried out a reasonable inquiry to obtain information. The magistrate also stated that she did not know what the Plaintiff was arguing when the Plaintiff refused to respond to certain requests because doing so would require "tantamount to a summary judgment response" and that such a response did not appear to be a sufficient answer under Rule 36. The magistrate also took time to lay out

the basic framework of Rule 36. She explained that under Rule 36, parties could be required to admit statements that were not favorable to them so long as those statements were not legal conclusions. She noted that there did appear to be one problem with Defendant's requests—a problem not flagged by Plaintiff—because some of them appeared to be compound. She advised Plaintiff to answer the portion of those requests that she was able to answer and to specify why she could not answer other portions of the request. The magistrate also admonished the Plaintiff to be specific in her objections.

Plaintiff had ample opportunity to rethink her approach to the requests to admit and yet there is no indication that she did so. Instead, it appears that Plaintiff did not take any of the magistrate's statements into account when she amended her responses. The amendment—which was much shorter than the original responses—relied on many of the same arguments as the original response without addressing the magistrate's problems with those arguments. The new arguments she offered evinced no more clear an understanding of Rule 36 than her first set of arguments. In light of Plaintiff's complete failure to take the magistrate's advice, it is hardly surprising that the magistrate denied Plaintiff's request that she be allowed to amend her responses yet another time.

Plaintiff now contends that this Court should overturn the magistrate's decision as clearly erroneous or contrary to law based on the fact that she properly objected to Defendant's requests to admit. First, she argues that requests that sought admissions that she possesses "no evidence" in support of her claims of age and race discrimination "amounted to legal conclusions, which remains an improper basis for a request to admit." While Plaintiff is correct that Rule 36 does not permit requests to admit legal conclusions, the magistrate's decision that the information

requested did not encompass legal conclusions but rather was "an application of law to fact" that was permitted under rule 36 was neither clearly erroneous nor contrary to the law. Rule 36 specifically states that a party may request admissions any matter that relates to "statements or opinions of fact or of the application of law to fact..." Fed.R.Civ.P. 36(a). Plaintiff cites *Hanley v. Como Inn*, No. 99 C 1486, 2003 WL 1989607 (N.D.Ill 2003), in support of her view that the statements are legal conclusions but does not explain why *Hanley*–an opinion authored by the magistrate who founds Plaintiff's responses insufficient–supports her argument. This Court fails to see how the magistrate acted contrary to *Hanley* when she refused to characterize the requests to admit that Plaintiff had no evidence on certain matters as legal conclusions.

Plaintiff also argues that the requests placed a burden on her by requiring responses "tantamount to a summary judgment response." She states that responding to Defendant's request would require extensive citations. The magistrate found this argument unconvincing both at the August 11, 2005 hearing where it was originally presented and at the September 1, 2005 hearing where it was again presented. On August 11, 2005, the magistrate advised Plaintiff's counsel that she did not find the argument convincing and that Plaintiff's counsel should provide authority for the proposition that Rule 36 prohibited requesting what Plaintiff's counsel was framing as tantamount to a summary judgment response. Now, Plaintiff contends that "[w]hile Plaintiff's objections may have been novel and not directly considered in caselaw, they remain consistent with the intent of Rule 36 to facilitate proof at trial." In fact, Plaintiff's vague and conclusory denial with no accompanying interrogatory is designed to prevent the facilitation of proof in this litigation. Plaintiff seems to believe, oddly enough, that Rule 36 is a way of preventing the final disposition of a case before trial. Such a conclusion is unfounded in

the text of the Rule: the Rule is most certainly not a method for preserving a case for trial even when the case can be disposed of long before trial. The magistrate did not err when she found Plaintiff's argument lacked merit.

The magistrate also did not err when she found that Plaintiff failed to sufficiently show that she had made a reasonable inquiry with respect to certain facts that were clearly established in the deposition testimony. For example, the magistrate took issue with the fact that Plaintiff refused to admit to a certain employee's birthdate when that date was clearly established in deposition testimony that Plaintiff's counsel elicited. The magistrate did not err when she found Plaintiff's failure to explain how she had carried out reasonable inquiry violated Rule 36, nor did she err when she found the argument that Plaintiff was unable to read the witnesses' minds without merit. Rule 36 does not require clairvoyance, but it does demand clarity. At the very least, Plaintiff needed to explain why she was unable to obtain certain information even with reasonable inquiry or what she meant by alleging that she needed to be a mind-reader to answer certain requests.

Plaintiff's request that she be permitted to amend her answers when she answered the summary judgment is particularly telling. Based on the submissions to this Court and well as those made to the magistrate, it is clear that Plaintiff's main goal with respect to the requests to admit was to avoid defeat at the summary judgment stage at all costs. This is not, however, the aim of Rule 36. As noted in the Advisory Committee notes on the 1970 amendment to Rule 36, the rule "serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be." Rather than facilitating

-10-

proof or narrowing the issues, Plaintiff made deliberately vague objections to the requests as a means of avoiding summary judgment. She repeatedly failed to follow the requirements laid out in Rule 36. She ignored the magistrate's recommendations as to how to comply with Rule 36. When she eventually denied the truth of certain admissions, she did not bother to answer the accompanying interrogatories. Then, she attempted to justify her failures by stating that the magistrate had not firmly ordered her to comply with the rules. That argument is completely and outrageously without merit. Plaintiff is represented by counsel; counsel practicing before this Court are expected to know and comply completely with the Federal Rules of Civil Procedure. The notion that courts must firmly order parties to comply with those rules each and every time they appear before the courts on any important matter is preposterous: compliance is presumed. Plaintiff did not abide by those rules, despite clear instructions on how to do so and ample opportunity to do so. This Court does not find the magistrate's response to Plaintiff's failure, after the magistrate's detailed instructions on avoiding that failure, to be clearly erroneous or contrary to law and so denies Plaintiff's motion for reconsideration.

This Court also does not believe that permitting Plaintiff to withdraw her admissions is appropriate at this time. Doing so would greatly prejudice the Defendant, who consistently and strenuously objected to Plaintiff's actions with respect to the requests to admit. Defendant has already had to take several steps in light of Plaintiff's disregard of Rule 36. Plaintiff's failure to comply has caused delays for Defendant and interfered with this Court's briefing schedule. There is no indication that allowing withdrawal would in any way alter the eventual outcome of these proceedings. Even if it would, Plaintiff should have taken that into account when she chose to disregard the requirements of Rule 36. She cannot choose to comply with the Federal Rules of

-11-

Civil Procedure only when it is favorable for her. Plaintiff has given no meritorious reason for her failure to comply but rather has led this Court to believe the contrary, that she has sought to delay the admissions so as to prevent summary judgment. This Court will not condone such behavior, nor will it reward such behavior by prejudicing the Defendant. Plaintiff's request to withdraw the admissions is denied.

As for the merits of the case, Defendant contends that there remain no disputed issues of material fact and that summary judgment should be granted in its favor. According to Defendant, the evidence clearly shows that Plaintiff lost her job because of her poor assessment rather than because of discrimination. Beasley disagrees and claims that Cooper presented dishonest bases for the assessment scores, that similarly situated employees received more favorable assessments despite equal or lesser qualifications, and that the other circumstances reveal Defendant discriminated.

Title VII provides that "[i]t shall be unlawful employment practice for an employer: (1) to fail or refuse to hire or to discharge any individual, or to otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin; or (2) to limit, segregate or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color religion, sex or national origin." In addition, the ADEA prohibits discrimination against individuals forty years or older, *Taylor v. Cantech Corp.*, 69 F.3d 773, 778 (7th Cir.1995) ( citing 29 U.S.C. § 631(a)), "with respect to the compensation, terms, conditions or privileges of employment." *Taylor*, 69 F.3d at 778 ( citing 29

U.S.C. § 623(a)). The manner in which courts evaluate claims under these two statutes overlaps significantly and so they can be addressed simultaneously. *See Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 982 (7th Cir. 1999)(citations omitted). We can also consider the 42 U.S.C. §1981 claim simultaneously. *See Bratton v. Roadway Package System Inc.*, 77 F.3d 168, 176 (7th Cir. 1996).

Courts have noted that a plaintiff may prove discrimination with either direct or circumstantial evidence, or by using the indirect burden-shifting method set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Brach*, 176 F.3d at 982. Under the burden-shifting framework–which is used by Plaintiff– a litigant must establish a prima facie case by a preponderance of the evidence. *Testerman v. EDS Technical Prod. Corp.*, 98 F.3d 297, 302 (7th Cir.1996). If the plaintiff establishes a prima facie case, "a rebuttable presumption is created and defendants must come forth with evidence of a legitimate, nondiscriminatory reason for their actions." *Brach*, 176 F.3d at 982 (internal citations omitted). Once the defendant meets its burden, the burden shifts back to plaintiff to demonstrate that the reasons proffered by the defendant are actually a pretext for discrimination. *Id.* (internal citations omitted).

Both parties agree that pretext is at issue in this case. This Court therefore assumes that Plaintiff has established a prima facie case of discrimination but does not decide the issue. *See Rummery v. Illinois Bell Tel. Co.*, 250 F.3d 553, 556 -557 (7th Cir. 2001)(citing *Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir.1998) ("When the defendant has proffered an explanation for termination that the court determines to be non-pretextual, the court may avoid deciding whether the plaintiff has met his prima facie case and instead decide to dismiss the claim because there is no showing of pretext.")). This Court determines that Defendant offers a legitimate non-discriminatory reason for why Plaintiff was fired when it claims that she was fired

-13-

during a reduction in force as a result of her low assessment score.

As the Seventh Circuit has noted, "[a] pretext for discrimination means more than an unusual act; it means something worse than a business error; pretext means deceit used to cover one's tracks." *Grube v. Lau Indus., Inc.,* 257 F.3d 723, 730 (7th Cir.2001) (internal quotations omitted). And "[o]f course, it is not sufficient 'for the employee to show that the employer acted incorrectly or undesirably by firing him; the employee must show that the employer did not honestly believe in the reasons it gave for firing him.'" *Adreani v. First Colonial Bankshares Corp.,* 154 F 3d 389, 394 -395 (7th Cir. 1998)(citations omitted).

The traditional test for pretext in the Seventh Circuit involves considering whether the employer's articulated reason for the adverse employment action (1) had no basis in fact; (2) did not actually motivate its decision; or (3) was insufficient to motivate its decision. *Grayson v. O'Neill,* 308 F.3d 808, 820 ( citing *Velasco v. Illinois Dep't of Human Services,* 246 F.3d 1010, 1017 (7th Cir.2001)). "Pretext may be established directly with evidence that [the employer] was more likely than not motivated by a discriminatory reasons, or indirectly by evidence that the employer's explanation is not credible." *Brach,* 176 F.3d at 983 (citation omitted). "Indirect evidence of pretext showing that an employer's proferred reasons are not credible may be made by demonstrating that the reasons are factually baseless, were not the actual motivation for the discharge. or were insufficient to motivate the discharge" and that the plaintiff would not have been let go but for her age, race, or other characteristic with respect to which discrimination is prohibited. *See Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.,* 328 F.3d 309, 323 (citations omitted).

-14-

In cases involving reductions in force, the plaintiff need not prove that the reason proffered by the employer is a lie in the sense that it is a complete fabrication. *Testerman*, 98 F.3d at 303 ( *citing Russell v. Acme-Evans Co*, 51 F.3d 64, 68 (7th Cir.1995); *see also Adreani*, 154 F.3d at 395. Instead, she need only establish that her membership in a protected group "'tipped the balance' in favor of discharge." *Testerman*, 98 F.3d at 304 (quoting *Umplemby v. Potter & Brumfield, Inc.*, 69 F.3d 209, 213 (7th Cir.1995)). Consequently, in this case Beasley must at a minimum raise the inference that the Defendant's explanation of her firing is a lie or that her age and/or race "enters the calculus to such an extent that the employer fire[d] an employee who otherwise would have survived the [reduction in force]." *See Testerman*, 98 F.3d at 304.

Plaintiff has already admitted that she has cannot directly establish that AT&T more likely than not was motivated by discriminatory reasons. She has admitted that she has no evidence that AT &T discriminated against African Americans or persons over the age of forty when implementing the reduction in force. She has no evidence that she was selected for dismissal for discriminatory reasons. Finally, she admits that she has no evidence that Cooper's ranking of her on the skills assessment or Goggins' selection of her for the reduction in force based on the skills assessment were in any way related to race or age.

Instead, Plaintiff opts to argue that she has indirect evidence showing that Cooper provided a dishonest basis for assessing her and that the dishonest behavior supports a finding of pretext. The fatal flaw with this argument is that Plaintiff fails to raise any inference of dishonesty on Cooper's part. According to Plaintiff, an incorrect assessment is equivalent to a

dishonest one. But as has been noted time and again in the Seventh Circuit, the two concepts are not the same.

Plaintiff devotes a significant portion of her brief to arguing that Cooper just got the assessment wrong. It is clear that the assessment was not favorable: Cooper rated Plaintiff poorly in every category. But Plaintiff fails to raise an inference that the poor ratings were due to anything other than Cooper's personal experiences working with Plaintiff on the Ohio Project.

Plaintiff does claim that Cooper lied when she stated that Plaintiff was not doing systems work and gave her a poor rating. In making this argument, Plaintiff misstates the record. Cooper never testified that Plaintiff was not doing systems work. Instead, she said that she gave Beasley a five out of ten rating for the "Requirements" category because Beasley did not have a lot of experience with systems requirements and that she gave Beasley a five out of ten rating for "Testing/UAT/UCT" based on her understanding that Beasley "did have some knowledge of testing but, again, she was not doing systems work." The fact that Beasley was temporarily transferred to a position where she did some testing does not indicate that Cooper was lying in her assessment of Beasley's skills as they related to systems work.

Beasley also makes much of a discrepancy in deposition testimony regarding the date of her transfer to that position and the identity of the decision-maker who assigned her to that position. Plaintiff wants this Court to believe that a conflict between Cooper and another manager as to the date of the temporary transfer and the identity of the person ordering the transfer would somehow "allow a reasonable jury to conclude that Cooper has attempted to conceal her actual knowledge of Plaintiff's skills." As with many of the pleadings submitted in this case, Plaintiff's argument with respect to the systems work is at best confusing. There is no

indication as to how discrepancies related to a temporary transfer that required Plaintiff to do testing raise an inference of dishonesty with respect to Cooper's evaluation of Plaintiff's ability to do systems work.

Plaintiff also argues that Cooper must have been dishonest in her assessment of Plaintiff's skills because that assessment did not lead to the same results of Plaintiff's prior performance reviews. Plaintiff fails to present evidence that the assessment and the prior performance reviews used the same criteria and evaluated the same skills. She does not dispute that Cooper based her assessment on her dealings with Plaintiff as they related to the Ohio Project. Nor does she present any evidence indicating that Cooper was dishonest when she gave her less favorable evaluation of Plaintiff's performance. Instead, she argues that Cooper must have been dishonest in her performance review because she knew that others had rated Plaintiff favorably and yet she failed to do so. The fact that Cooper's observations were less positive than the observations of others is not enough to raise the inference that Cooper was being dishonest in her own view of Beasley's skills, especially in light of the fact that Plaintiff does not explain why this Court should view what appear to be substantively different reviews in the same light. For example, Plaintiff seems to believe that the fact that she was rated highly on providing quality documentation to work centers should raise the inference that Cooper was dishonest when she stated that Plaintiff produced inadequate documentation on the Ohio Project. This Court, even when viewing the facts in favor of the Plaintiff, fails to see how providing documentation to work centers at some prior time is the functional equivalent of provide documentation to a

manager on a subsequent, different project.[1]  Furthermore, Plaintiff does not adequately raise an

inference that the use of Cooper's evaluation when terminating Plaintiff rather than the prior

performance reviews was discriminatory.  *See Cerutti v. BASF Corp.*, 349 F.3d 1055, 1062 (7th

Cir. 2003)("There is certainly nothing inherently discriminatory about an employer's decision to

use criteria other than past performance evaluations to determine whether its employees can meet

the increased workplace expectations that often coincide with a corporate reorganization.").

    As the Seventh Circuit has repeatedly noted, the court does not sit as a "superpersonnel

department that reexamines an entity's business decisions." *Brach*, 176 F.3d at 984 (citing *Dale

v. ChicagoTribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986)).  With respect to pretext, Beasley

bears the ultimate burden of persuasion.  At the summary judgment stage, she must present

evidence supporting at least an inference that regardless of the reasons given by Defendant, her

job would not have been terminated "but for" discriminatory reasons.  *Id.* (citation omitted.).

    The types of problems that Plaintiff has with Cooper's assessment do not give rise to an

inference that Cooper did not honestly believe that there were shortcomings with Plaintiff's

performance.  At best, Plaintiff's evidence might be construed to indicate that Cooper's

assessment was not done the way that Plaintiff felt it should have been done.  Perhaps this Court

also would not have carried out the assessment in the same exact manner Cooper did.  For

example, Plaintiff alleges that Cooper failed to communicate with her and never advised her of

any problems with her work.  That fact indicates that Cooper was a poor manager, not that she

---

[1]Beasley points out that Cooper did sign off on one earlier positive review.  It is unclear
why she belabors this point.  It is undisputed that Cooper had not yet worked with Beasley and so
had a different perspective than she did when she conducted an assessment based on her
experience working with Beasley.

had a dishonest basis for rating Plaintiff poorly in various categories. Allegations of incorrectness are not sufficient to raise an inference of discrimination. Regardless of differences in approach, it is clear that Defendant honestly believed that it was firing Plaintiff based on a poor skills assessment. Plaintiff provides no evidence that Defendant even considered Beasley's age or race, let alone that those factors tipped the scales in favor of firing her.

Plaintiff claims that when this Court compares her assessment with the assessments of Feinstein and Rosa, it will be clear that Defendant's explanation is pretext. Plaintiff claims that her race and age contributed to her receiving lower scores than Feinstein, a Caucasian who was younger than Plaintiff and received much higher assessments than her. When comparing herself to Feinstein, Plaintiff focuses on the fact that she had been at AT &T longer and had a higher level of education. She makes much of the fact that Feinstein had a failed career as an auto mechanic. These facts, however, are not relevant. Cooper evaluated Feinstein in the same way that she evaluated Plaintiff: she based her evaluation on her experiences working with him. The fact that Plaintiff had been at AT &T longer or had more education than Feinstein does not give rise to the inference that she deserved a more favorable review than Feinstein, just as the fact that Feinstein was unsuccessful as an auto mechanic does not give rise to the inference that he was unsuccessful as a telecommunications employee. Plaintiff clearly believes that Feinstein had some performance issues. For example, she argues that "her own experiences" with Feinstein "dispute the accuracy" of Cooper's conclusion that Feinstein had clear and concise communication skills. The fact that Plaintiff would have scored herself as highly as or even higher than Cooper scored Feinstein does not, however, mean that Cooper is guilty of discrimination. *See Balderston*, 328 F.3d at 323 (plaintiff's "own belief that he was the best

-19-

candidate is irrelevant to the question of pretext."). Even if reasonable minds could disagree as to whether Plaintiff should have received the same scores as Feinstein, it makes no difference given that there is no indication that Cooper treated the two differently because of Plaintiff's age or her race. The same is true with respect to Barbara Rosa, another Caucasian employee. Again, Plaintiff takes issue with the fact that someone with less expertise received a more positive evaluation. Again, this Court fails to see how the fact that Plaintiff had more technical expertise gives rise to an inference that she should have received the more favorable overall review. Again, there is no indication that Cooper treated the two differently because Plaintiff was African-American.[2]

Plaintiff cites this Court's decision in *Yonehara v. American Airlines Inc.*, 02 C 8561, 2004 WL 2222184 (N.D.Ill. 2004), as support for the proposition that Cooper's more favorable evaluations for two "comparable" employees supports a finding of pretext. While Plaintiff seems to believe that the three employees in this case are comparable just as Yonehara and Linda Pedian were comparable in their poor performance reviews, the evidence does not support such a finding. As noted earlier, the fact that Plaintiff believes she should have been rated as highly as Feinstein and Rosa does not mean that the evidence shows she should have been rated as highly or that Cooper discriminated on the basis of race or age when deciding not to rate her as highly. Cooper based her evaluation of each of the three individuals in question on her own experiences

---

[2] Plaintiff also notes that she should have been ranked higher than Rosa because she had better management skills. As proof, she points to one of her performance evaluations from 2003 that was not completed by Cooper. As noted earlier, this reference to another manager's review is not sufficient to raise an inference that Cooper's review was dishonest or that Cooper took race or age into account when evaluating Plaintiff. Nor is it sufficient to show that Cooper's determination that Rosa had better management skills than Plaintiff was dishonest or motivated by discriminatory reasons.

working with them. As a result of those experiences, Cooper felt that Plaintiff was the least qualified. Plaintiff provides no evidence indicating that she could effectively rebut such a conclusion. Moreover, evidence indicating that Plaintiff was better qualified than these other employees does not establish pretext unless there is evidence that the employer honestly did not believe that Plaintiff was less qualified. *See Rummery*, 250 F.3d at 558. No such evidence has been presented in this case.

Plaintiff claims that because Cooper's assessment was dishonest and treated her different than comparable employees, Goggin's decision to include Plaintiff in the November 2004 reduction in force must also be viewed as tainted. The problem with this argument is that Plaintiff has failed to raise an inference either that Cooper's assessment was dishonest or that Cooper's views on race or age tipped the scale in favor of firing Plaintiff. Given that Plaintiff fails to raise the inference that Cooper would not have evaluated her the same way if not for Plaintiff's age and race, this Court will not infer that Goggins acted inappropriately in adopting Cooper's reasoning.

Plaintiff and Defendant spent a significant amount of time arguing over whether Cooper and Goggins knew Plaintiff's age and race. Plaintiff contends they must have known her age because they sent her a e-mail congratulating her on 35 years of service and they must have known her race because she "discerned their race from telephone conversations" and because her personnel file was located in the facility where Goggins worked. This Court need not address the sheer inadequacy of the argument that a person's race is evident based on his telephone style because Plaintiff fails to offer any evidence that would allow this Court to infer that Goggins or Cooper took Plaintiff's race or age into account in their decisions. Just because an employer

knows a person's race or age does not automatically mean that the employer will discriminate on those bases.

Plaintiff clearly feels that she should not have been fired. She obviously does not think that Cooper did a very good job evaluating her. But it is not the place of this Court to disrupt a corporation's employment decisions when no employment discrimination has occurred. The fact that Plaintiff was older than some of the employees who were not fired and the fact that she was African-American while some of the retained employees were Caucasian is not, in light of a legitimate non-discriminatory reason for discharge and no inference of pretext, sufficient to stave off summary judgment.

## Conclusion

For the foregoing reasons, Plaintiff's motion requesting that this Court reconsider of the magistrate's ruling on the requests to admit or permit Plaintiff to withdraw her admissions is DENIED. Defendant's motion for summary judgment is GRANTED. All other motions are MOOT and TERMINATED. This case is CLOSED.

Enter:

David H. Coar
United States District Judge

Dated: 12/9/05

-22-